NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARRY STEVEN WILKINS; JANE B. STANTON,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.    20-35745

D.C. No. 9:18-cv-00147-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted August 11, 2021
Seattle, Washington

Before:  EBEL,[**] BRESS, and VANDYKE, Circuit Judges.

Appellants are landowners near Connor, Montana, whose properties are

burdened by an easement that their predecessors-in-interest granted to the United

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

States in 1962.[1] The easement covers Robbins Gulch Road, which crosses Appellants' private property for approximately one mile.[2]

As early as 1972, maps published by the U.S. Forest Service identified Robbins Gulch Road as an "improved road" with no use restrictions. Forest Service maps from 1981, 1993, and 2005 confirmed the same: the use of Robbins Gulch Road had no restrictions. On May 3, 2006, the Forest Service temporarily closed Robbins Gulch Road to the public with a physical barrier and later placed a sign on the road that read "PUBLIC ACCESS THRU PRIVATE LANDS."

Frustrated by increasing public use of the road and the effects of that use on their properties, Appellants brought suit against the United States on August 23, 2018 under the Quiet Title Act (QTA), 28 U.S.C. § 2409a. Appellants sought to confirm that the easement does not permit public use of the road and to enforce the government's obligations to patrol and maintain the road against unrestricted public use. The district court granted the government's motion to dismiss, finding it lacked jurisdiction because Appellants' claims were time-barred under the QTA. The district court later denied Appellants' motion to alter or amend the judgment under Rule 59(e).

---

[1] Larry Wilkins obtained his property in 1991, and Jane Stanton in 2004.

[2] The parties are familiar with the facts, and we cite them herein only where necessary.

On appeal, Appellants contend that the district court erred in determining that (1) the QTA's statute of limitations is jurisdictional; (2) the question of when Appellants' claims accrued was not so intertwined with the merits to make dismissal improper; (3) all of Appellants' claims accrued at the same time; and (4) the claims were untimely. In a separate opinion filed simultaneously with this memorandum disposition, we rejected Appellants' first and second arguments.[3]

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's decision to dismiss for lack of subject-matter jurisdiction. *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126 (9th Cir. 2015) (en banc). "Where the district court relied on findings of fact to draw its conclusions about subject-matter jurisdiction, we review those factual findings for clear error." *Id.* at 1126–27. Additionally, "[w]hen the accrual of the statute of limitations in part turns on what a reasonable person should have known, we review … for clear error." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (citation and internal quotation marks omitted).

---

[3] The opinion reaffirms that the QTA's statute of limitations is jurisdictional under binding precedent and that the jurisdictional questions in this appeal are not dependent on the merits.

# DISCUSSION

## A. All of Appellants' Claims Accrued at the Same Time.

Appellants argue that the district court erred in treating their claims as accruing at the same time. Specifically, Appellants argue that their claims—challenging public use of the easement, parking along the easement, and the government's satisfaction of its obligations under the easement—accrued at different times and should have been analyzed on an individual basis.

For purposes of calculating the statute of limitations under the QTA, an "action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or *should have known* of the claim of the United States." 28 U.S.C. § 2409a(g) (emphasis added). An action accrues when a "reasonable landowner" would have been alerted to an adverse claim. *Shultz v. Dep't of Army*, 886 F.2d 1157, 1160 (9th Cir. 1989).

All of Appellants' claims—despite being organized as two separate causes of action in the complaint—were ultimately premised on the public's alleged unauthorized use of the road. The claims therefore accrued at the same time—when a reasonable landowner should have known of the government's position that its easement allowed for public use of the road.

Appellants' complaint focuses its parking challenge on "public" parking in the easement and is not a distinct claim that accrued separately from the public use

4

claim.   Likewise, Appellants' "patrol and maintain" claims are premised on patrolling and maintaining the road *against public use* and thus also accrued at the same time as the public use claim.   A "reasonable landowner," *Shultz*, 886 F.2d at 1160, would have been alerted to all of these claims at the same time, and therefore they accrued simultaneously.

Accordingly, the district court did not err in treating all of Appellants' claims as accruing at the same time.

## B.    All of Appellants' Claims are Time-Barred.

Finally, Appellants claim that the district court erred in determining that their claims were time-barred under the QTA's twelve-year statute of limitations.   The QTA's statute of limitations requires Appellants to bring a case "within twelve years of the date upon which [the claims] accrued." 28 U.S.C. § 2409a(g).   Accrual occurs "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." *Id*.   And "[t]o start the limitations period, the government's claim must be adverse to the claim asserted by the [plaintiffs]." *Michel v. United States*, 65 F.3d 130, 131–32 (9th Cir. 1995) (per curiam).

The district court did not clearly err in concluding that Appellants' claims were untimely.   The district court based its determination on two sources of evidence—Forest Service maps of the area from 1950 to 2005 which identified no use restrictions on the road, and the government's temporary closure of the road by

erecting a sign and barrier in May 2006. Together with the historic public use of the road, the historic maps should have alerted a reasonable landowner of the government's view regarding public access of the easement more than twelve years before Appellants filed suit. And the government's temporary closure of the road in 2006 was consistent with this understanding.

## CONCLUSION

Accordingly, for the reasons expressed herein and in our accompanying opinion, the government's motion to dismiss was properly granted. The judgment of the district court is **AFFIRMED**.